1  Angela C. Agrusa, Esq. (SBN: 131337)
        aagrusa@linerlaw.com                           *E-filed 2/27/07*
2  LINER YANKELEVITZ
   SUNSHINE & REGENSTREIF LLP
3  1100 Glendon Avenue, 14th Floor
4  Los Angeles, California 90024-3503
   Telephone:  (310) 500-3500
5  Facsimile:  (310) 500-3501

6  Attorneys for Plaintiff and Counterdefendant
   UNISOURCE SOLUTIONS, INC.
7

8  Kevin R. Martin (SBN: 176853)
   Patrick E. Guevara, Esq. (SBN: 202727)
9  RANDICK O'DEA & TOOLIATOS LLP
   5000 Hopyard Rd., Suite 400
10 Pleasanton, CA  94588
   Telephone: 925-251-2810
11 Facsimile: 925-460-0960

12
   Attorneys for Defendant and Counterclaimant
13 Unisource Relocation, Inc.

14                 **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16                     **SAN JOSE DIVISION**

17 UNISOURCE SOLUTIONS, INC.,          )   Case No. CV06-06607 JF
                                        )
18             Plaintiff,               )
                                        )
19      vs.                             )   **[PROPOSED] STIPULATED**
                                        )   **PROTECTIVE ORDER**
20                                      )
   UNISOURCE RELOCATION, INC.,          )
21                                      )
                                        )
22             Defendant.               )
   _____ )
23 UNISOURCE RELOCATION, INC.,          )
                                        )
24             Counterclaimant,         )
                                        )
25      vs.                             )
                                        )
26 UNISOURCE SOLUTIONS, INC.,           )
                                        )
27             Counterdefendant.        )
                                        )
28 _____ )

1          Pursuant to Federal Rule of Civil Procedure 26 and this Court's Local Rules, in order to

2    protect the confidentiality of, and the rights to, information and documents developed and

3    disclosed in connection with this litigation, and to facilitate discovery by and among the parties

4    to this action and from third parties, the parties to this Stipulation (the "Parties") hereby stipulate

5    and request the Court to order that the following Order for the Protection of Confidential and

6    Proprietary Information and Material ("Order") be issued in this action:

7    1.       PURPOSES AND LIMITATIONS

8              Disclosure and discovery activity in this action are likely to involve production of

9    confidential, proprietary, or private information for which special protection from public

10   disclosure and from use for any purpose other than prosecuting this litigation would be

11   warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the

12   following Stipulated Protective Order.  The parties acknowledge that this Order does not confer

13   blanket protections on all disclosures or responses to discovery and that the protection it affords

14   extends only to the limited information or items that are entitled under the applicable legal

15   principles to treatment as confidential.  The parties further acknowledge, as set forth in Section

16   10 below, that this Stipulated Protective Order creates no entitlement to file confidential

17   information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed

18   and reflects the standards that will be applied when a Party seeks permission from the Court to

19   file material under seal.

20   2.       DEFINITIONS

21             2.1      Party:  any party to this action, including all of its officers, directors,

22   employees, consultants, retained experts, and outside counsel (and their support staff).

23             2.2      Disclosure or Discovery Material:  all items or information, regardless of

24   the medium or manner generated, stored, or maintained (including, among other things,

25   testimony, transcripts, or tangible things) that are produced or generated in disclosures or

26   responses to discovery in this matter.

27             2.3      "Confidential" Information or Items:  information (regardless of how

28   generated, stored or maintained) or tangible things that qualify for protection under standards

[PROPOSED]  STIPULATED PROTECTIVE ORDER

1  developed under F.R.Civ.P. 26(c).  "Confidential" material shall be interpreted to encompass any

2  confidential, proprietary or otherwise sensitive information as to which the Designating Party

3  customarily takes steps to limit or prevent its disclosure or misuse, including trade secrets as

4  defined under California Civil Code § 3426.1(d) and applicable case law; other confidential and

5  proprietary technical, research, or development information; commercial, financial, budgeting

6  and/or accounting information; information about existing and potential customers, marketing

7  and branding studies, performance and projections, business strategies, decisions and/or

8  negotiations, and/or pricing; and confidential and proprietary information about affiliates,

9  parents, subsidiaries, and third parties with whom the parties to this action have had business

10  relationships.  A party or third party may designate as "CONFIDENTIAL" any non-public

11  material that it supplies, discloses, produces, files or uses in connection with this proceeding and

12  that it does not wish to be disclosed to the public.

13          2.4     "Highly Confidential – Attorneys' Eyes Only" Information or Items:

14  extremely sensitive "Confidential" material whose disclosure to another Party or non-party

15  would create extreme substantial risk of serious injury that could not be avoided by less

16  restrictive means.  A party or third party may designate as "HIGHLY CONFIDENTIAL –

17  ATTORNEYS' EYES ONLY" any non-public material that it supplies, discloses, produces or

18  uses in connection with this proceeding when it has a good-faith belief that the disclosure of such

19  material to the adverse party may have a material adverse effect on the Designating Party.

20          2.5     Receiving Party:  a Party that receives Disclosure or Discovery Material

21  from a Producing Party.

22          2.6     Producing Party:  a Party or non-party that produces Disclosure or

23  Discovery Material in this action.

24          2.7     Designating Party:  a Party or non-party that designates information or

25  items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly

26  Confidential – Attorneys' Eyes Only."

27          2.8     Protected Material:  any Disclosure or Discovery Material that is

28  designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

3                                                                                      Case No.  CV06-06607 JF

1        2.9    Outside Counsel:  attorneys who are not employees of a Party but who are

2    retained to represent or advise a Party in this action.

3        2.10    House Counsel:  attorneys who are employees of a Party.

4        2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well

5    as their support staffs).

6        2.12    Expert:  a person with specialized knowledge or experience in a matter

7    pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

8    witness or as a consultant in this action and who is not a past or current employee of a Party or of

9    a competitor of a Party and who, at the time of retention, is not anticipated to become an

10   employee of a Party or a competitor of a Party.  This definition includes a professional jury or

11   trial consultant retained in connection with this litigation.

12       2.13    Professional Vendors:  persons or entities that provide litigation support

13   services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

14   organizing, storing, retrieving data in any form or medium; etc.) and their employees and

15   subcontractors.

16   3.    SCOPE

17       The protections conferred by this Stipulation and Order cover not only Protected Material

18   (as defined above), but also any information copied or extracted therefrom, as well as all copies,

19   excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by

20   parties or counsel to or in court or in other settings that might reveal Protected Material.

21   4.    DURATION

22       Even after the termination of this litigation, the confidentiality obligations imposed by

23   this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

24   order otherwise directs.

25   5.    DESIGNATING PROTECTED MATERIAL

26       5.1    Exercise of Restraint and Care in Designating Material for Protection.

27   Each Party or non-party that designates information or items for protection under this Order must

28   take care to limit any such designation to specific material that qualifies under the appropriate

4                                                        Case No.  CV06-06607 JF
[PROPOSED]  STIPULATED PROTECTIVE ORDER

1    standards.  A Designating Party must take care to designate for protection only those parts of

2    material, documents, items, or oral or written communications that qualify – so that other

3    portions of the material, documents, items, or communications for which protection is not

4    warranted are not swept unjustifiably within the ambit of this Order.

5             Mass, indiscriminate, or routinized designations are prohibited.  Designations that

6    are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

7    unnecessarily encumber or retard the case development process, or to impose unnecessary

8    expenses and burdens on other parties), expose the Designating Party to sanctions.

9             If it comes to a Party's or a non-party's attention that information or items that it

10   designated for protection do not qualify for protection at all, or do not qualify for the level of

11   protection initially asserted, that Party or non-party must promptly notify all other parties that it

12   is withdrawing the mistaken designation.

13            5.2      Manner and Timing of Designations.  Except as otherwise provided in this

14   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

15   material that qualifies for protection under this Order must be clearly so designated before the

16   material is disclosed or produced.

17            Designation in conformity with this Order requires:

18            (a) for information in documentary form (apart from transcripts of

19   depositions or other pretrial or trial proceedings) that the Producing Party affix the legend

20   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top

21   of each page that contains protected material.  If only a portion or portions of the material on a

22   page qualifies for protection, the Producing Party also must clearly identify the protected

23   portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

24   portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

25   CONFIDENTIAL – ATTORNEYS' EYES ONLY").

26            A Party or non-party that makes original documents or materials available for

27   inspection need not designate them for protection until after the inspecting Party has indicated

28   which material it would like copied and produced.  During the inspection and before the

[PROPOSED]  STIPULATED PROTECTIVE ORDER

1  designation, all of the material made available for inspection shall be deemed "HIGHLY

2  CONFIDENTIAL – ATTORNEYS' EYES ONLY."  After the inspecting Party has identified

3  the documents it wants copied and produced, the Producing Party must determine which

4  documents, or portions thereof, qualify for protection under this Order, then, before producing

5  the specified documents, the Producing Party must affix the appropriate legend

6  ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") upon

7  each page that contains Protected Material.  If only a portion or portions of the material on a

8  page qualifies for protection, the Producing Party also must clearly identify the protected

9  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

10  portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY

11  CONFIDENTIAL – ATTORNEYS' EYES ONLY").

12              (b) for testimony given in deposition or in other pretrial or trial

13  proceedings, that the Party or non-party offering or sponsoring the testimony identify on the

14  record, before the close of the deposition, hearing, or other proceeding, all protected testimony,

15  and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY."  When it is impractical to identify separately each portion of

17  testimony that is entitled to protection, and when it appears that substantial portions of the

18  testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the

19  testimony may invoke on the record (before the deposition or proceeding is concluded) a right to

20  have up to 20 days to identify the specific portions of the testimony as to which protection is

21  sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Only those portions of the testimony that

23  are appropriately designated for protection within the 20 days shall be covered by the provisions

24  of this Stipulated Protective Order.

25              Transcript pages containing Protected Material must be separately bound by the

26  court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" or

27  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or

28  non-party offering or sponsoring the witness or presenting the testimony.

6                                                              Case No.  CV06-06607 JF

[PROPOSED] STIPULATED PROTECTIVE ORDER

1          (c) for information produced in some form other than documentary, and

2    for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

3    the container or containers in which the information or item is stored the legend

4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only

5    portions of the information or items warrant protection, the Producing Party, to the extent

6    practicable, shall identify the protected portions, specifying whether they qualify as

7    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

8          (d)      for information obtained from a Third Party: If a Party serves a Third

9    Party with a subpoena or a public records act request, it shall also serve a copy of this Order

10   along with said subpoena/public records act request.  Said Third Party may designate any item or

11   document as "CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

12   ONLY" pursuant to the terms of this Order.  Additionally, any items or documents received from

13   that Third Party shall be treated as having been designated "HIGHLY CONFIDENTIAL –

14   ATTORNEYS EYES ONLY" for a period of thirty days, during which time each party shall

15   have an opportunity to review said items and/or documents and designate same as

16   CONFIDENTIAL" and/or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".  If

17   the parties dispute the designation of any document or item, the designation affording the highest

18   level of protection shall remain in place until resolution of the issue, whether by agreement of the

19   Parties or by court Order.

20          5.3      Inadvertent Failures to Designate.  If timely corrected, an inadvertent

21   failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY

22   CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the

23   Designating Party's right to secure protection under this Order for such material.  If material is

24   appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

25   ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on

26   timely notification of the designation, must make reasonable efforts to assure that the material is

27   treated in accordance with the provisions of this Order.

28          6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

7                                                      Case No.  CV06-06607 JF

1       6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's

2   confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

3   economic burdens, or a later significant disruption or delay of the litigation, a Party does not

4   waive its right to challenge a confidentiality designation by electing not to mount a challenge

5   promptly after the original designation is disclosed.

6       6.2     Meet and Confer.  A Party that elects to initiate a challenge to a

7   Designating Party's confidentiality designation must do so in good faith and must begin the

8   process by conferring directly (including by voice dialogue) with counsel for the Designating

9   Party.  In conferring, the challenging Party must explain the basis for its belief that the

10  confidentiality designation was not proper and must give the Designating Party an opportunity to

11  review the designated material, to reconsider the circumstances and, if no change in designation

12  is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to

13  the next stage of the challenge process only if it has engaged in this meet and confer process

14  first.

15      6.3     Judicial Intervention.  A Party that elects to press a challenge to a

16  confidentiality designation after considering the justification offered by the Designating Party

17  may file and serve a motion that identifies the challenged material and sets forth in detail the

18  basis for the challenge.  Each such motion must be accompanied by a competent declaration that

19  affirms that the movant has complied with the meet and confer requirements imposed in the

20  preceding paragraph and that sets forth with specificity the justification for the confidentiality

21  designation that was given by the Designating Party in the meet and confer dialogue.

22      The burden of persuasion in any such challenge proceeding shall be on the Designating

23  Party.  Until the Court rules on the challenge, all parties shall continue to afford the material in

24  question the level of protection to which it is entitled under the Producing Party's designation.

25      7.      ACCESS TO AND USE OF PROTECTED MATERIAL

26      7.1     Basic Principles.  A Receiving Party may use Protected Material that is

27  disclosed or produced by another Party or by a non-party in connection with this case only for

28  prosecuting, defending, or attempting to settle this litigation (Case No. C06-06607).  Such

8                                                                                    Case No.  CV06-06607 JF

1  Protected Material may be disclosed only to the categories of persons and under the conditions

2  described in this Order.  When the litigation has been terminated, a Receiving Party must comply

3  with the provisions of section 11 below (FINAL DISPOSITION).

4       Protected Material must be stored and maintained by a Receiving Party at a location and

5  in a secure manner that ensures that access is limited to the persons authorized under this Order.

6       7.2     Disclosure of "CONFIDENTIAL" Information or Items.  Unless

7  otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving

8  Party may disclose any information or item designated CONFIDENTIAL only to:

9       (a) the Receiving Party's Outside Counsel of record in this action, as well

10  as employees of said Counsel to whom it is reasonably necessary to disclose the information for

11  this litigation;

12       (b) the officers, directors, and employees (including House Counsel) of the

13  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

14  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

15       (c) experts (as defined in this Order) of the Receiving Party to whom

16  disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

17  Bound by Protective Order" (Exhibit A);

18       (d) the Court and its personnel;

19       (e) court reporters, their staffs, and professional vendors to whom

20  disclosure is reasonably necessary for this litigation;

21       (f) during their depositions, witnesses in the action to whom disclosure is

22  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

23  (Exhibit A) or who have agreed to be bound by the terms of the Order on the record.  Pages of

24  transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

25  separately bound by the court reporter and may not be disclosed to anyone except as permitted

26  under this Stipulated Protective Order.

27       (g) the author of the document or the original source of the information.

28       7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

9

ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) and (3) as to whom the procedures set forth in paragraph 7.4, below, have been followed;

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation; and

(e) the author of the document or the original source of the information.

7.4.    PROCEDURES FOR APPROVING DISCLOSURE OF "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS TO EXPERTS:

(a)    Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that (1) identifies the specific information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state or his or her primary residence; (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s) and recent employers, (5) identifies, to the best of the Expert's reasonable ability, each person or entity form whom the Expert has received compensation for work in his or her area of expertise or to whom the Expert has provided professional services at any time during the preceding five years and (6) identifies (by name, number of the case, fling date and location of court) to the best of the Expert's reasonable ability, any litigation in connection with which the Expert has

10

1    provided any professional services during the preceding five years.

2         (b)    A Party that makes a request and provides the information specified in the

3    preceding paragraph may disclose the Protected Material to the identified Expert unless, within

4    seven (7) court days of delivering the request, the Party receives a written objection from the

5    Designating Party. Any such objection must set forth in detail the grounds upon which it is

6    based.

7         (c) A Party that receives a timely written objection must meet and confer with the

8    Designating Party (preferably by or including voice-to-voice dialogue) to try to resolve the

9    matter by agreement. If no agreement is reached, the Party seeking to make the disclosure may

10   file a motion seeking permission from the court to do so. Any such motion must describe the

11   circumstances with specificity, set forth in detail the reasons for which the disclosure to the

12   expert is reasonably necessary, assess the risk of harm that the disclosure would entail and

13   suggest any additional means that might be used to reduce the risk.  In addition, any such motion

14   must be accompanied by a competent declaration in which the movant describes the parties'

15   efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer

16   discussions) and sets forth the reasons advanced by Designating Party for its refusal to approve

17   the disclosure.

18        In any such proceeding, the Party opposing the disclosure to the Expert shall bear the

19   burden of proving that the risk of harm that the disclosure would entail (under the safeguards

20   proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

21        8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

22   OTHER LITIGATION.

23        If a Receiving Party is served with a subpoena or an order issued in other

24   litigation that would compel disclosure of any information or items designated in this action as

25   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the

26   Receiving Party must so notify the Designating Party, in writing (by fax or email, if possible)

27   immediately and in no event more than three court days after receiving the subpoena or order.

28   Such notification must include a copy of the subpoena or court order.

Case No.  CV06-06607 JF
[PROPOSED]  STIPULATED PROTECTIVE ORDER

1    The Receiving Party also must immediately inform in writing the Party who

2  caused the subpoena or order to issue in the other litigation that some or all the material covered

3  by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party

4  must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action

5  that caused the subpoena or order to issue.

6    The purpose of imposing these duties is to alert the interested parties to the

7  existence of this Protective Order and to afford the Designating Party in this case an opportunity

8  to try to protect its confidentiality interests in the court from which the subpoena or order issued.

9  The Designating Party shall bear the burdens and the expenses of seeking protection in that court

10  of its confidential material – and nothing in these provisions should be construed as authorizing

11  or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

12    9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.  If a

13  Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to

14  any person or in any circumstance not authorized under this Stipulated Protective Order, the

15  Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

16  disclosures, (b) use its best efforts to retrieve or destroy all copies of the Protected Material, (c)

17  inform the person or persons to whom unauthorized disclosures were made of all the terms of

18  this Order, and (d) request such person or persons to execute the "Acknowledgement and

19  Agreement to Be Bound" that is attached hereto as Exhibit A.

20    10.    FILING PROTECTED MATERIAL.  Without written permission from the

21  Designating Party or a court order secured after appropriate notice to all interest persons, a Party

22  may not file in the public record in this action any Protected Material.  A Party that seeks to file

23  under seal any Protected Material must comply with Civil Local Rule 79-5.

24    11.    FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the

25  Producing Party, within sixty days after the final termination of this action, each Receiving Party

26  must return all Protected Material to the Producing Party.  As used in this subdivision, "all

27  Protected Material" includes all copies, abstracts, compilations, summaries or any other form of

28  reproducing or capturing any of the Protected Material.  With permission in writing from the

[PROPOSED]  STIPULATED PROTECTIVE ORDER

1 Designating Party, the Receiving Party may destroy some or all of the Protected Material instead

2 of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party

3 must submit a written certification to the Producing Party (and, if not the person or entity, to the

4 Designating Party) by the sixty day deadline that identifies (by category where appropriate) all

5 the Protected Material that was returned or destroyed and that affirms that the Receiving Party

6 has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or

7 capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

8 retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda,

9 correspondence or attorney work product, even if such materials contain Protected Material.

10 Any such archival copies that contain or constitute Protected Material remain subject to this

11 Protective Order as set forth in Section 4 (DURATION) above.

12          12.     MISCELLANEOUS.

13                 12.1     Right to Further Relief.  Nothing in this Order abridges the right of any

14 person to seek its modification by the Court in the future.

15                 12.2     Right to Assert Other Objections.  By stipulating to the entry of this

16 Protective Order, no Party waives any right it otherwise would have to object to disclosing or

17 producing any information or item on any ground not addressed in this Stipulated Protective

18 Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of

19 the material covered by this Protective Order.

20

21          IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

22

23

24

25

26

27

28

[PROPOSED]  STIPULATED PROTECTIVE ORDER

1    DATED: January 31, 2007                    LINER YANKELEVITZ
                                                SUNSHINE & REGENSTREIF LLP
2

3
                                                By:  _____/S/_____
4                                                    Angela Agrusa, Esq.
                                                     Joshua S Levenberg, Esq.
5                                                    Attorney for Plaintiff and
                                                     Counterdefendant,
6                                                    UNISOURCE SOLUTIONS, INC.

7

8
     DATED: January 31, 2007                    RANDICK O'DEA &
9                                               TOOLIATOS LLP

10

11                                              By:  _____/S/_____
                                                     Patrick E. Guevara, Esq.
12                                                   Attorney for Defendant and
                                                     Counterclaimant,
13                                                   UNISOURCE RELOCATION, INC.

14

15   IT IS SO ORDERED.

16
     Dated:  February 27 __, 2007
17
                                                _____
18                                              MAGISTRATE JUDGE HOWARD R. LLOYD

19

20

21

22

23

24

25

26

27

28

     14
                        [PROPOSED]  STIPULATED PROTECTIVE ORDER

**EXHIBIT A**

AGREEMENT TO BE BOUND BY TERMS OF THE PROTECTIVE ORDER

I,_____, state:

I reside at: _____.

I have read the Protective Order dated _____, 2006 ("the Order") and have been engaged as a _____ on behalf of _____ _____ in preparation and conduct of the litigation entitled Unisource Solutions, Inc. v. Unisource Relocation, inc., Civil Action No. CV06-06607 JF, in the United States District Court for the Northern District of California.

I am fully familiar with and agree to comply with and be bound by the provisions of the Order. I understand that I am to retain all copies of any documents or things designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to the Order, except as provided in the Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Order.

I understand that by signing this Agreement, I agree to submit to the personal jurisdiction of the U.S. District Court for the Northern District of California for the purpose of this action.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200__.

_____

Case No.  CV06-06607 JF

ACKNOWLEGEMENT OF  STIPULATED PROTECTIVE ORDER